IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                  //        CRIMINAL NO. 1:10CR61

RICHARD J. SPECIALE,

      Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 57], AND DENYING DEFENDANT'S MOTION TO SUPPRESS TAPE RECORDED TELEPHONE CONVERSATIONS FROM THE ALLEGHENY COUNTY JAIL AND OTHER PLACES OF CONFINEMENT [DKT. NO. 47]

### I.   INTRODUCTION

The Indictment in this case charges the defendant, Richard J. Speciale ("Speciale"), with unlawfully, knowingly, and intentionally engaging in a continuing criminal enterprise, and conspiring to distribute over five (5) kilograms of cocaine.

Speciale moved to suppress recordings of telephone conversations he made while detained at the Allegheny County Jail ("ACJ") and North Central Regional Jail ("NCRJ"). The Court referred the motion to the Honorable John S. Kaull, United States Magistrate Judge ("Magistrate Judge Kaull"), who conducted a suppression hearing and, on February 9, 2011, entered a report and recommendations ("R&R") (dkt. 57), concluding that Speciale's motion should be denied.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 57],
AND DENYING DEFENDANT'S MOTION TO SUPPRESS TAPE RECORDED
TELEPHONE CONVERSATIONS FROM THE ALLEGHENY COUNTY JAIL
AND OTHER PLACES OF CONFINEMENT [DKT. NO. 47]**

## II.  FACTUAL BACKGROUND

On January 28, 2010, the Commonwealth of Pennsylvania detained Speciale at the ACJ for allegedly committing violations of state law.   In the spring of 2010, the United States ("government") adopted the case and had Speciale transferred to the NCRJ.  At both institutions, Speciale's outgoing telephone calls were recorded, and turned over to the government.  Speciale's motion argues that the government's acquisition and use of these recordings would violate his rights under the due process clauses of the Fifth and Fourteenth Amendments; his Sixth Amendment right to counsel; his Fifth Amendment privilege against self-incrimination and right to testify; his Fourth Amendment privacy rights; and his First Amendment free speech rights.  Based on these asserted violations, Speciale seeks the suppression of these recordings.

## III.  STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the Court reviews <u>de novo</u> any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt without explanation any recommendations to which no objections are filed.  <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983); <u>see also</u> <u>Nettles v. Wainwright</u>,

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 57],
AND DENYING DEFENDANT'S MOTION TO SUPPRESS TAPE RECORDED
TELEPHONE CONVERSATIONS FROM THE ALLEGHENY COUNTY JAIL
AND OTHER PLACES OF CONFINEMENT [DKT. NO. 47]**

656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

### IV. DISCUSSION

In a thorough and well-reasoned R&R, Magistrate Judge Kaull found that Speciale was aware that the ACJ and NCRJ could record his telephone conversations, and that Speciale was never forced to make any telephone calls. Magistrate Judge Kaull found further that the ACJ and NCRJ's ability to monitor and record the telephone calls of inmates is reasonably related to the legitimate penological interests of each institution. Based on these findings, Magistrate Judge Kaull concluded that no constitutional right of Speciale was violated when the ACJ and NCRJ recorded his telephone conversations and that the government's use of such recordings would not violate his constitutional rights. Accordingly, he recommended that Speciale's motion to suppress be denied.

### V. CONCLUSION

To date, Speciale has not filed objections to Magistrate Judge Kaull's R&R. The Court, therefore, **ADOPTS** the R&R in its entirety

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 57],
AND DENYING DEFENDANT'S MOTION TO SUPPRESS TAPE RECORDED
TELEPHONE CONVERSATIONS FROM THE ALLEGHENY COUNTY JAIL
AND OTHER PLACES OF CONFINEMENT [DKT. NO. 47]**

(dkt. no. 57), and **DENIES** Speciale's motion to suppress tape recorded telephone conversations from the Allegheny County Jail and other places of confinement (dkt. no. 47). See Camby, 718 F.2d at 199.

It is so **ORDERED**.

The Court directs the Clerk to transmit a copy of this Order to counsel of record, and all appropriate agencies.

DATED: February 25, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE