IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

> Plaintiff,

v.                    //        CRIMINAL NO. 1:10CR61

RICHARD J. SPECIALE,

> Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 58],
AND DENYING DEFENDANT'S MOTION TO SUPPRESS TAPES
ALLEGING IMPROPERLY INDUCED CONSENT [DKT. NO. 46]

## I.    INTRODUCTION

The Indictment in this case charges the defendant, Richard J. Speciale ("Speciale"), with unlawfully, knowingly, and intentionally engaging in a continuing criminal enterprise, and conspiring to distribute over five (5) kilograms of cocaine.

Speciale moved to suppress tape recordings that the government allegedly obtained through improperly induced consent. The Court referred the motion to the Honorable John S. Kaull, United States Magistrate Judge ("Magistrate Judge Kaull"), who conducted a suppression hearing and, on February 14, 2011, entered a report and recommendations ("R&R") (dkt. 58) recommending that Speciale's motion be denied.

## II.   STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the Court reviews <u>de novo</u> any portions of the R&R to which a specific objection is made,

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 58],
AND DENYING DEFENDANT'S MOTION TO SUPPRESS TAPES
ALLEGING IMPROPERLY INDUCED CONSENT [DKT. NO. 46]**

28 U.S.C. § 636(b)(1), but may adopt without explanation any recommendations to which no objections are filed.  Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983); see also Nettles v. Wainwright, 656 F.2d 986, 986-87 (5th Cir. 1981).  A failure to file specific objections "waives appellate review of both factual and legal questions."  Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

### III.  THE REPORT AND RECOMMENDATION

Speciale asserted that the government recorded his conversations by utilizing a confidential informant.  Although the confidential informant nominally provided consent to be recorded, Speciale sought to suppress the recordings on the basis that the confidential informant may not have provided consent consciously, freely or independently.

Magistrate Judge Kaull concluded that Speciale had filed his motion prematurely because, at the time of filing, Speciale did not know the details of the confidential informant's testimony.  Accordingly, Magistrate Judge Kaull concluded that there was no evidence to support the motion, and recommended its denial.  Magistrate Judge Kaull also recommended that Speciale be allowed to

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 58],
AND DENYING DEFENDANT'S MOTION TO SUPPRESS TAPES
ALLEGING IMPROPERLY INDUCED CONSENT [DKT. NO. 46]**

renew his motion after the government's production of <u>Jencks</u>, <u>Rovario</u>, and <u>Giglio</u> evidence.

### IV.  CONCLUSION

Speciale has not objected to Magistrate Judge Kaull's R&R. The Court, therefore, **ADOPTS** the R&R in its entirety (dkt. no. 58), and **DENIES** Speciale's motion to suppress tapes alleging improperly induced consent (dkt. no. 46).  <u>See</u> <u>Camby</u>, 718 F.2d at 199.

It is so **ORDERED**.

The Court directs the Clerk to transmit a copy of this Order to counsel of record, and all appropriate agencies.

DATED: March 1, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE